Steve G. TISZA, George Sullivan, Dale Rochford, Tillie Freeland, Diane Holmes, Joe W. Korotenko, Greg Nawrocki, Jon Peterson and Tanya Gary–Jones, Plaintiffs,

v.

COMMUNICATION WORKERS OF AMERICA, Morton Bahr, James Booe and James E. Irvine, Defendants.

No. 90 C 06597.

United States District Court,
N.D. Illinois, E.D.

May 29, 1991.

Roger N. Gold and I. Peter Polansky, Gold and Polansky, Chtd., Chicago, Ill., for plaintiffs.

Denis S. Poloyac, Irving M. Friedman and Michael B. Erp, Katz, Friedman, Schur & Eagle, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendants Communications Workers of America ("CWA"), Morton Bahr (CWA President), James E. Booe (CWA Secretary–Treasurer), and James E. Irvine (CWA Vice–President) (collectively, "Un-ion") have moved for summary judgment[1] on the complaint filed by the plaintiffs, all of whom are members of both CWA and CWA Local 4250. The two-count complaint alleges that the Union violated § 101(a)(1) of the Labor–Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(1) (1988) by denying plaintiffs "and other members of the class represented by [p]laintiffs"[2] their "equal right to vote" (Count I), and that the Union violated article XVIII, § 4 of the CWA Constitution, a transgression actionable under § 301(a) of the Labor–Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a) (1988) (Count II). For the reasons set forth below, we grant the Union's motion for summary judgment.

## I. Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)). Once the moving party has done this, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e) (emphasis added).

## II. Factual Background

The suit stems from the ratification by certain CWA locals of an "enhanced pension program agreement" between CWA and American Telephone and Telegraph ("AT & T"). As the Union points out, it is undisputed that:

1. The Union has also moved for various Rule 12(b) dismissals, which we need not address.

2. Though alleged as a class action, plaintiffs have not moved for class certification. We therefore proceed only with the plaintiffs named in the complaint's caption—Steve G. Tisza, George Sullivan, Dale Rochford, Tillie Freeland, Diane Holmes, Joe W. Korotenko, Greg Nawrocki, Jon Peterson, and Tanya Gary–Jones.

i. CWA directed each Local that may have had members working at AT & T to conduct a ratification vote on the tentative agreement for the enhanced pension program. On April 17, 1990, CWA instructed that "[e]ach Local should begin preparations for their ratification process to being immediately after the meeting on April 28, and the results must be forwarded to the Somerset office of May 11, 1990." Exhibit "I" to Allen Declaration; Statement of Facts, at ¶¶ 11, 20; Allen Declaration, at ¶¶ 11, 24.

ii. CWA wrote its Locals on April 17, April 19, April 23, April 25, and April 27 and met with Local officials on April 28, 1990 regarding the ratification vote and the terms of the tentative agreement. Statement of Facts, ¶¶ 20, 22–26; Allen Declaration, at ¶¶ 24, 27–31; Exhibits "I"–"M".

iii. [A]pproximately 35% of the eligible membership voted on the pension enhancement agreement. Statement of Facts, at ¶ 43; Allen Declaration, at ¶ 45 [footnote omitted]. In 1989, 44% of the eligible membership voted on the entire collective bargaining agreement, which determined all working conditions and affected all CWA-represented AT & T employees. Statement of Fact[s], at ¶¶ 42–43; Allen Declaration, at ¶¶ 44–45.

iv. Each CWA member was informed of the pension enhancement agreement and of the ratification of that agreement. Statement of Facts, at ¶¶ 31–32; Allen Declaration, at ¶¶ 36–37; Exhibits "P" and "O" to Allen Declaration. Each affected Local was separately informed of the agreement and the ratification. Statement of Facts, at ¶¶ 20–30; Allen Declaration, at ¶¶ 34–35; Exhibits "N" and "O" to Allen Declaration. No member has claimed that he or she was not given the opportunity to vote, and no Local has claimed that it was unaware of the vote or that it did not give its members an opportunity to vote. Statement of Facts, at ¶¶ 33–34; Allen Declaration, at ¶¶ 38–39. None of these claims were made despite the fact that CWA has an established procedure for making such complaints. Statement of Facts, at

¶¶ 48–50; Exhibit "A" to Allen Declaration, at Art. IX, § 7, and pp. 24–25.

v. The Plaintiffs' Local conducted a vote on the pension enhancement agreement, this vote counted in the official tally, and each of the Plaintiffs participated in that vote. Statement of Facts, at ¶¶ 35–36; Allen Declaration, at ¶ 41[;] Complaint at ¶ 18.

vi. The ratification vote on the enhanced pension program was conducted in the same manner as other ratification votes. Statement of Facts, at ¶ 38[;] Allen Declaration, at ¶ 42. In AT & T ratification votes, it is normal for CWA to receive votes from fewer than all of its Locals, because many of these Locals have few or no members currently working at AT & T and not all eligible voters exercise their right to vote. Statement of Facts, at ¶¶ 6, 37, 38; Allen Declaration, at ¶¶ 8, 40, 42.

Reply Brief at 6–7.

### III. Count I: The LMRDA Allegations

■ Section 101(a)(1) of the LMRDA provides, in relevant part, that "[e]very member of a labor organization shall have equal rights and privileges within such organization to ... vote in elections or referendums of the labor organization, ... subject to reasonable rules and regulations in such organization's constitution and bylaws. 29 U.S.C. § 411(a)(1). Section 101(a)(1) does not give union members any particular rights; rather, it "proscribes discrimination and requires that a union treat all of its members equally." *O'Connor v. Local 719, United Auto Workers*, 739 F.Supp. 1158, 1161 (N.D.Ill.1990) (citations omitted).

■ Plaintiffs contend that because the Union "tallied ballots cast by members of only 287 Locals," thereby "admitt[ing] that no votes were included from at least 138 (or 32.4%) of the [approximately 425] Local Unions with members who worked under the CWA/AT & T Agreement," the Union "failed to provide the membership with the right to vote 'on an equal basis and in a meaningful manner,' and have therefore violated Section 101(a)(1)...." Response Brief at 3 (quoting *McGinnis v. Local Un-*

*ion 710, Int'l Bhd. of Teamsters,* 774 F.2d 196, 199 (7th Cir.1985), *cert. denied,* 475 U.S. 1121, 106 S.Ct. 1638, 90 L.Ed.2d 184 (1986)).

■ Given the undisputed facts before us, however, we fail to see how plaintiffs set forth a cause of action. Plaintiffs have not shown that they were denied the right to vote on the enhanced pension program agreement, let alone that other CWA members were denied that right. The fact that certain Locals did not report votes to the CWA does not support the inference that members were denied the right to vote. *See* Factual Background, *supra.* As the Union points out, it used its normal ratification procedure to go about ratifying the enhanced pension program proposal; "every Local that may have contained AT & T employees was directed to conduct a ratification vote and report the results, if any, to CWA; ... every member was informed of the vote and no one has claimed that he or she was not allowed to vote; the [p]laintiffs themselves voted; and the fact that votes were not reported from all of the Locals that might have AT & T members is explained by the fact that many of these Locals contained few or no member[s] who were employed by AT & T. *Plaintiffs have not disputed any of these facts."* Reply Brief at 7 (emphasis added).

Plaintiffs' burden under § 101(a)(1) is to show that the Union "failed to accord [them] certain rights that it extended to other members." *O'Connor,* 739 F.Supp. at 1161. This burden has not been shouldered. Accordingly, we grant the Union's motion for summary judgment as to Count I.

## IV. The CWA Constitution Allegations

The same fundamental shortcoming that doomed Count I dooms Count II. Plaintiffs have failed to show that they or any other CWA members were denied the right to vote. The undisputed evidence demonstrates that CWA took all reasonable actions to keep members and Locals informed about the ratification at issue, and "[n]o member or Local ever contacted CWA claiming that they were unaware of the ratification or that they were denied the

opportunity to vote." Memorandum in Support at 8. Accordingly, we grant the Union's motion for summary judgment as to Count II.

## V. Conclusion

Summary judgment in favor of the Union is appropriate given the undisputed facts before us; Counts I and II of the plaintiffs' complaint do not set forth a cause of action, primarily because plaintiffs fail to show that they or other CWA members were denied the right to vote on the ratification of the enhanced pension program proposal. It is so ordered.